## ABIJAH RICHARDSON *vs.* ALLEN C. CURTIS & others.

The party prevailing on a complaint, under the Rev. Sts. *c.* 116, for flowing lands, is entitled to full costs for the terms during which the case is referred to surveyors for the sole purpose of ascertaining, by actual experiment, the effect of the respondent's dam in raising the water upon the complainant's lands.

Where separate warrants for a jury are issued on several complaints, pending at the same time, for flowing lands by the same dam, the costs of the warrant in each case are to be taxed for the complainant, if he prevails.

Where referees under a rule of court award "that the bill of costs be taxed according to the law in force when this suit was instituted," the prevailing party is still entitled to tax the fees of his jurors and witnesses at a former trial of the case, at the rate prescribed by statute at the time of such trial, though higher than the fees allowed by law at the time of the commencement of the suit.

On exceptions to the rulings of the court of common pleas on the taxation of costs, no objection is open which is not stated in the bill of exceptions, although appearing upon the bill of costs, referred to in the exceptions.

Under Rev. Sts. *c.* 116, § 32, the compensation to be awarded to the presiding officer and sheriff at a trial, before a sheriff's jury, of a complaint for flowing lands, is within the discretion of the court of common pleas, and cannot be revised by this court upon exceptions.

The party who finally prevails on a complaint, under the Rev. Sts. *c.* 116, for flowing lands, is entitled to the costs of a trial in which the verdict returned for him was set aside for irregularity.

THE complainant and five other persons, whose meadows in Medway and Medfield were overflowed and injured by the water raised by a dam and flash-boards erected by the respondents across Charles River in Natick, entered complaints in the court of common pleas at December term 1843, under Rev. Sts. *c.* 116.

At April term 1844 the parties in all the cases entered into an agreement in writing, (which is set forth in 2 Cush. 343, *note,*) that the court might appoint two engineers named, to ascertain

42 *

by survey and experiment whether the respondent's dam and flash-boards did in fact raise the water on the complainant's meadows, and if so, how much, and to report the result to the court; the report of the surveyors, and their testimony as to the effect of the dam and flash-boards, to be the only evidence used on the trials, upon that question, unless fraud or mistake could be shown in the surveyors. These surveyors made their report to the court at September term 1846.

At April term 1848, the court of common pleas issued separate warrants for a jury in each case. And this case was tried by itself in July 1848 before a jury, whose verdict was returned at September term of the court of common pleas, and set aside by this court at October term 1848, on exceptions taken by the respondents, on the ground that the six cases should have been tried together. 2 Cush. 341.

At April term 1852, the six cases were referred by rule of court to referees, who at December term 1853 returned their award, assessing the damages of the several complainants, and awarding that they respectively recover the sums so assessed, and "their costs of court and of reference, to be taxed by the court; and that the bill of costs in each of said six complaints be taxed according to the law and the rules in force at the time when these six suits were instituted." And this award was accepted by the court.

The costs were taxed by the clerk, from whose taxation the respondents appealed to the court of common pleas; and a hearing was had before *Byington*, J. who allowed the following bill of exceptions :

"1. The respondents contended that, while the case was under reference to the two surveyors under the agreement set out in 2 Cush., the complainant should only tax for one day's attendance at each term. But the judge ruled that the complainant was entitled to tax for full attendance at each term so intervening.

"2. The respondents objected to the allowance of the expenses of the warrant, and proceedings thereunder, as set forth in 2 Cush.; and also contended that, if allowed, then, in pursu-

ance of the award of referees in the case, the jury fees should be taxed at $1.25 per day, instead of $1.75, as taxed by the clerk, and the witness fees at fifty cents per day, instead of one dollar, as taxed; and that the presiding officer's and sheriff's fees were too large. But the judge overruled these objections, and allowed the whole of the items as taxed.

" 3. The respondents contended that no costs should be taxed for the complainant in the supreme judicial court at October term 1848, when the verdict was set aside. But the judge ruled otherwise.

" To these rulings of the judge the respondents except. The bill of costs as taxed, the award of referees and agreements of reference, and the report and decision of the judge may be referred to."

*E. Wilkinson,* for the respondents. 1. While the six cases were under reference to the two surveyors, only one day's attendance should have been taxed at each term, as is provided by the twenty-sixth rule of the court of common pleas, " when an action is continued by the court for advisement, or under reference by a rule of court." Colby's Pract. 440, 441. See also *Hayward* v. *Richie,* 7 Mass. 286; *Winthrop* v. *Carlton,* 8 Mass. 456; *Hall* v. *Durell,* 9 Pick. 328.

2. The expenses of the warrant for a jury, and of the proceedings under it, should have been disallowed, having been wrongfully incurred by the complainants, by suing out a separate warrant in each of the six cases, instead of one warrant in all, which this court has decided to be the proper course. *Richardson* v. *Curtis,* 2 Cush. 341.

But if any expenses should be allowed under this warrant, the fees of witnesses and jurors should be taxed at fifty cents and $1.25 respectively, pursuant to Rev. Sts. *c.* 122, § 10, and not at $1 and $1.75, as provided by *Sts.* 1848, *cc.* 123, 271, although, as these statutes were passed before the trial, the witnesses and jurors were entitled to fees at the higher scale; for the referees under rule of court expressly provide in their award " that the bill of costs in each case be taxed according to the law in force at the time when the suits were instituted."

Even if the fees of jurors and witnesses should be taxed at the higher scale, too much was taxed; for it appears by the bill of costs, (which is made a part of the exceptions,) that the clerk not only allowed the item of "cost of sheriff's jury," (which in fact included fees of jurors and witnesses,) but added the fees of the witnesses, taxed at fifty cents a day.

The compensation allowed to the presiding officer and sheriff, if unreasonably large, may be revised by the court. Rev. Sts. *c.* 116, § 32.

3. No costs should be taxed for the complainant at October term 1848 of this court, when the verdict was set aside on the respondent's exceptions. *Shattuck* v. *Woods,* 3 Pick. 267. *Pollard* v. *Wheelock,* 20 Verm. 370.

*J. J. Clarke & Jonathan P. Bishop,* for the complainant.

By the Court. 1. The agreement for ascertaining the effect of the respondents' dam and flash-boards upon the complainant's meadow was a mere mode of proving facts material to the issue to be tried before a jury. It was therefore like the common case of the appointment of a surveyor, by order of court, to make a survey to be used by both parties at the trial; and was in no respect like a reference of the whole case under a rule of court. The complainant was therefore entitled, under Rev. Sts. *c.* 116, § 31, to full costs of attendance while the surveyors were making experiments.

2. Separate warrants having been issued by the clerk, though not absolutely necessary, we think that the complainant was entitled to tax for them.

The provision as to costs, in the award of referees, applies, in the opinion of the court, only to the personal costs of the party, such as travel and attendance; and not to sums actually paid out, according to law. The complainant is therefore entitled to the fees of jurors and witnesses which he was obliged to pay.

The objection that the fees of witnesses were taxed twice is not open to the respondents; for this court is confined to the points stated in the bill of exceptions, of which this is not one; and the bill of costs is referred to, only for the purpose of

explaining the points stated in the exceptions, and not for the purpose of raising new questions.

The provision of Rev. Sts. *c.* 116, § 32, that " the court shall award a reasonable compensation to the person who presides at the trial, and also to the officer who executes the warrant," leaves the amount of such compensation to the discretion of the court of common pleas ; and therefore the amount cannot be revised by this court on exceptions.

3. The party prevailing, in every suit under Rev. Sts. *c.* 116, is entitled to his full costs ; and all the costs must abide the final result. Rev. Sts. *c.* 116, § 31. *Fitch* v. *Stevens*, 2 Met. 506. *Exceptions overruled.*